IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CR-44-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DENNIS EARL WILKINS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

On July 23, 2020, Dennis Earl Wilkins, Jr. ("Wilkins" or "defendant") moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) and filed a memorandum and records in support [D.E. 51, 58]. On December 21, 2020, the United States responded in opposition [D.E. 60]. As explained below, the court denies Wilkins's motion.

I.

On August 26, 2019, pursuant to a waiver of indictment and with a written plea agreement, Wilkins pleaded guilty to possession of a stolen firearm. See [D.E. 29, 33–35, 38]. On December 5, 2019, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 46–48]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Wilkins's total offense level to be 17, his criminal history category to be III, and his advisory guideline range to be 30 to 37 months' imprisonment. See [D.E. 48] 1. After granting the government's motion for upward departure under U.S.S.G. § 4A1.3 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Wilkins to 60 months' imprisonment. See id. at 2, 4; [D.E. 47] 2. Wilkins did not appeal.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another

extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See id. at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id. at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020);

---

> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

As for Wilkins's request for compassionate release, Wilkins contends that he has exhausted his administrative remedies. See [D.E. 58] 2–3. On May 12, 2020, Wilkins submitted a request for compassionate release to the BOP, which the Warden denied on May 20, 2020. See [D.E. 51-1]; [D.E. 60-1]. Notably, the government concedes that Wilkins has exhausted his administrative remedies. See [D.E. 60] 3; United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Wilkins's claim on the merits.

Wilkins seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Wilkins cites the COVID-19 pandemic and his hypertension, hyperlipidemia, obesity, prediabetes, and history of smoking. See [D.E. 51] 3–4; [D.E. 51-2]; [D.E. 58] 2, 5–7, 9. Wilkins also cites the conditions at FCI Allenwood, his rehabilitation efforts, his release plan, and that he served over 61% of his sentence. See [D.E. 51] 4–6; [D.E. 58] 2, 5, 8–10.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Wilkins states that he suffers from hypertension, hyperlipidemia, obesity, prediabetes, and a history of smoking, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Wilkins serves his sentence. Accordingly, reducing Wilkins's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Wilkins's health conditions, rehabilitation efforts, and release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Wilkins's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Wilkins is 46 years old and engaged in very serious criminal conduct in March 2018. See PSR ¶¶ 6–9. Police stopped Wilkins for driving while intoxicated and discovered a stolen firearm in Wilkins's vehicle. See id. During booking, officers had to tase Wilkins three times for failure to comply and combative behavior. See id. at ¶ 7. Wilkins also bit an officer attempting to restrain him. See id. Furthermore, Wilkins is a violent recidivist with a criminal history including over 20 felony convictions. See id. at ¶¶ 14–34. Wilkins's convictions include, but are not limited to, breaking and/or entering (eleven counts), larceny after breaking and or entering (seven counts), assault inflicting serious injury, resisting a public officer, possession of cocaine (two counts), fleeing and eluding arrest with a motor vehicle, and habitual felon. See id. Moreover, Wilkins repeatedly has violated probation. See id. While in custody on his current sentence, Wilkins has been sanctioned for refusing to obey an order and being insolent to a staff member. See [D.E. 60-3]. The court also has considered Wilkins's exposure to COVID-19, his health conditions, his misconduct in prison, his rehabilitation efforts, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011). Having considered the entire record, the steps that the BOP has taken to address

6

COVID-19 and treat Wilkins, the section 3553(a) factors, Wilkins's arguments, the government's persuasive response, and the need to punish Wilkins for his serious criminal behavior, to incapacitate Wilkins, to promote respect for the law, to deter others, and to protect society, the court declines to grant Wilkins's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

As for Wilkins's request for home confinement, Wilkins seeks relief under the CARES Act. See [D.E. 51]. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). As such, the court dismisses Wilkins's request for home confinement.

II.

In sum, the court DENIES Wilkins's motion for compassionate release [D.E. 51, 58], and DISMISSES Wilkins's request for home confinement.

SO ORDERED. This 5 day of February 2021.

JAMES C. DEVER III
United States District Judge